# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WATKINS,<br><br>         Plaintiff,<br><br>    vs.<br><br>S. DEATHRIAGE, et al.,<br><br>         Defendants. | 1:12-cv-01273 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO STRIKE DEFENDANT RUNNELS' ANSWER AND ENTER DEFAULT BE DENIED<br><br>[ECF No. 33] |

Plaintiff James Watkins ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 6, 2012.

This action is proceeding on Plaintiff's complaint against Defendant E. Williams for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment, and against Defendants S. Deathriage and D. Runnels for retaliation in violation of the First Amendment.

Following execution of service, Defendant Deathriage filed an answer on July 12, 2013, and Defendant Williams filed an answer on August 15, 2013. Defendant Runnels executed a waiver of service on June 29, 2013. However, Defendant Runnels untimely filed an answer on November 5, 2013. On November 21, 2013, Plaintiff filed a motion to strike Defendant

1

Runnels' answer and enter default.  Defendant Runnels filed an opposition to the motion on December 13, 2013.  On January 2, 2014, Plaintiff filed a reply to the opposition.

## DISCUSSION

As a general rule, default is disfavored and cases should be decided on their merits whenever reasonably possible.  <u>Westchester Fire Ins. Co. v. Mendez</u>, 585 F.3d 1183, 1189 (9th Cir. 2009) (quotation marks omitted); <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 693 (9th Cir. 2001); <u>Eitel v. McCool</u>, 782 F.3d 1470, 1472 (9th Cir. 1986).  Whether to grant a judgment by default is within the discretion of the district court.  See <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th Cir.1986).  Factors which may be considered by the district court in exercising its discretion to enter default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  <u>Eitel</u>, 782 F.2d at 1471-1472.  Each of the seven factors is considered in turn below.

A.  <u>Possibility of Prejudice to Plaintiff</u>

Defendant Runnels has now submitted to this Court's jurisdiction, and has made an appearance in this action.  In the event Plaintiff's claim against Defendant Runnels has merit, Plaintiff will be able to collect a judgment against him.  Plaintiff points to no prejudice he has suffered in consequence of the delay in Runnels' appearance, nor will there be any such prejudice as this case moves forward. The first factor therefore weighs against entering a default judgment.

B.  <u>Merits of Plaintiff's Substantive Claims</u>

Based on the Court's review of the complaint and Defendants' motion for summary judgment, Plaintiff's claim of retaliation against Defendant Runnels appears to lack substantive merit.  Plaintiff claims that Defendant Runnels refused to allow Plaintiff access to his dining hall

job on October 19, 2011, in retaliation for Plaintiff's attempt to submit a workers' compensation claim he had filled out. Based on a review of the complaint and the evidence, it appears that Defendant Runnels could not have known of Plaintiff's workers' compensation claim on October 19, 2011, insofar as Plaintiff testified in his deposition that he did not fill out the workers' compensation claim he was trying to submit to Defendants until November 30, 2011. (Pl.'s Dep. 42:7-43:23.) Therefore, the second factor weighs against entering a default judgment.

C.     Sufficiency of the Complaint

Plaintiff's complaint sufficiently states the legal theories upon which it relies and the underlying facts of Plaintiff's dispute with Defendants. The third factor therefore favors entering a default judgment.

D.     Money Damages at Stake

Plaintiff seeks $45,100 in damages against Defendant Runnels. There is no suggestion that Plaintiff has been damaged in this amount by Defendant Runnels' actions; in light of the failure of Plaintiff's plea to correspond to damages he actually suffered, the fourth factor weighs against entering a default judgment.

E.     Possibility of Dispute of Material Facts

Defendant Runnels disputes the material facts alleged by Plaintiff. The fifth factor therefore favors entering a default judgment.

F.     Excusable Neglect

On June 26, 2013, the U.S. Marshall mailed a waiver of service to Defendant Runnels at his home. Defendant Runnels signed the waiver of service on June 29, 2013. However, the waiver of service was not filed until November 1, 2013. Counsel for Defendant declares that Defendant Runnels is retired and no longer works for the California Department of Corrections and Rehabilitation. (Def.'s Counsel Dec. ¶ 2.) Counsel states he had no contact from Runnels and had not received a request for representation from Runnels, and was unaware that Runnels

had received and signed a waiver of service. (Id.) As soon as Counsel was made aware of Runnels' signed waiver of service, Counsel sought and received a verbal request for representation for Runnels. (Id. at ¶ 3.) Defendant Runnels' answer was filed the next day. (Id.) The Court therefore finds that the delay was a result of excusable neglect. The sixth factor weighs against entering a default judgment.

G.     <u>Policy Against Default Judgments</u>

The seventh factor always weighs against entering a default judgment. As noted above, the Ninth Circuit has made clear that the policy against entering default judgments should be considered the "starting point" of the default judgment analysis. <u>Eitel</u>, 782 F.2d at 1472 ("default judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits").

H.     <u>Conclusion</u>

On balance, the factors weigh against entry of default judgment. Although Defendant Runnels missed the deadline for filing an answer by approximately 71 days, his delay has not prejudiced Plaintiff, and therefore this Court concludes that justice will best be served by deciding this case on its merits.

**RECOMMENDATION**

For all of the foregoing reasons, this Court recommends that Plaintiff's motion to strike Defendant Runnels' answer and enter default against Defendant Runnels be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **September 2, 2014**                      /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE